**ORIGINAL**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | Civil Action Number |
| Plaintiff, | ) ) ) | 5:03-cv-0100-2 (CAR) |
| v. | ) ) | |
| **CABLE COMMUNICATIONS, INC.,** | ) ) ) | |
| Defendant. | ) ) ) ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (including but not limited to sexual harassment), and to provide appropriate relief to the charging parties, Melissa Arnett, Regina Cash, Christy Hamlin and Cynthia White (hereinafter "Charging Parties"), who were adversely affected by such practices. The Commission alleges that Charging Parties were sexually harassed by a manager of the defendant. As a result of the sexual harassment, the conditions of their employment were made so intolerable that they were forced to resign their positions.

## JURISDICTION AND VENUE



1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Defendant Cable Communications, Inc. (the "Defendant") has continuously been a corporation doing business in the State of Georgia and the city of Macon, Georgia, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer

engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Charging Parties filed their charges with the Commission alleging a violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 20, 2000, Defendant engaged in unlawful employment practices at its Macon, Georgia facilities, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Charging Parties to

    (a) sexual harassment; and

    (b) constructive discharge.

8. The effects of the practices complained of in paragraph 7 above have been to deprive Charging Parties of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

9. The unlawful employment practices complained of in paragraph 7 above were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Charging Parties.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment against women, creating intolerable working conditions the effect of which forces women to resign their employment, and engaging in any other employment practice which discriminates on the basis of sex.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Charging Parties, who were adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or rightful-place reinstatement of Charging Parties..

D.  Order Defendant to make whole Charging Parties by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts

to be determined at trial.

E.  Order Defendant to make whole Charging Parties by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay to Charging Parties punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

_____
S. ROBERT ROYAL
Regional Attorney
Georgia Bar No. 617505
MARCUS G. KEEGAN
Trial Attorney

Georgia Bar Number: 410424

U. S. EQUAL EMPLOYMENT
      OPPORTUNITY COMMISSION
ATLANTA DISTRICT OFFICE
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905