ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**and CYNTHIA WHITE, MICHELLE ARNETT, CHRISTY HAMLIN, and REGINA CASH,**<br><br>**Plaintiff-Intervenors,**<br><br>**vs.**<br><br>**CABLE COMMUNICATIONS, INC. and CABLE COMMUNICATIONS & ENGINEERING, INC.**<br><br>**Defendants.** | **Civil Action No. 5:03-CV-0100-2(CAR)** |

## CONSENT DECREE

This action was instituted by the Equal Employment Opportunity Commission (hereinafter, the "Commission")against Defendants Cable Communications, Inc. and Cable Communications and Engineering, Inc. (hereinafter the "Defendants") pursuant to Section 706(f)(a) and (3) of

Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. (hereinafter referred to as "Title VII") and the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) to remedy the alleged wrongful employment practices identified in the Complaint filed in this action.

This Court has jurisdiction of the subject matter of this action and of the parties to this action.

The Commission alleged in the foregoing civil action that the Defendants acted unlawfully by subjecting Charging Parties, Cynthia White, Michelle Arnett, Christy Hamlin, and Regina Cash (hereinafter the Plaintiff-Intervenors), to sexual harassment; in violation of Title VII. In its Complaint, the Commission sought make whole relief including, but not limited to, back pay relief, with interest, compensatory and punitive damages, and injunctive and other affirmative relief. The Defendants filed their Answers denying the allegations made by the Commission. Defendants dispute and deny any liability to the Commission and/or the Plaintiff-Intervenors. This agreement is not to be deemed or construed to

be an admission of liability or wrongdoing by Defendants but constitutes the good faith settlement of a disputed claim.

All of the parties to this action desire to avoid the additional expense, delay and uncertainty which would result from the continuance of this litigation and desire to formulate a plan to be embodied in a Consent Decree which will promote and effectuate the purposes of Title VII.

This Court has reviewed the terms of the proposed Consent Decree in light of the pleadings and the applicable law and regulations, and has approved this Consent Decree as one which will promote and effectuate the purposes of Title VII.

Now, therefore, this Court, being fully advised in the premises, it is hereby ORDERED, ADJUDGED AND DECREED:

## I. DISCLAIMER OF VIOLATION

It is understood and agreed that the negotiation, execution and entry of this Consent Decree, and the undertakings made by Defendants hereunder, are in settlement and compromise of a disputed claim of alleged

sexual harassment, the validity of which Defendants deny. Neither the negotiation, execution nor entry of this Consent Decree shall constitute an acknowledgment or admission of any kind by the Defendants that its officers, agents or employees have violated or have not been in compliance with Title VII or any rules and regulations issued under or pursuant to Title VII or any other applicable law, regulation or order.

## II. NON-DISCRIMINATION

Defendants shall not subject any employee or affected group member to sexual harassment, and shall not retaliate against any person because that person is a beneficiary of the Consent Decree, or has provided information or assistance, or has participated in any other manner in any investigation or proceeding relating to this Consent Decree.

Defendants, to ensure equal opportunity in the employment process, will continue and hereby reaffirm their current practice of making all decisions affecting hiring, promotion, compensation, job assignment, sick and disability leave, discharge and other terms, conditions and privileges of

employment, without regard to race, color, sex, religion or national origin. Defendants shall not retaliate or take any adverse action against other persons in the future because of their participation in the investigation of the charge or prosecution of this litigation.

## III. NOTICES TO BE POSTED: INSTRUCTION TO MANAGEMENT

Defendants shall keep posted the notices required to be posted pursuant to Section 711 of Title VII, and, for at least two (2) years immediately following the entry of this Decree, shall also keep conspicuously posted a copy of the notice attached to this Decree at Defendants' Valdosta, Georgia facilities. Within thirty (30) days from the entry of this decree, Defendants shall instruct its management and super-visory personnel regarding the full meaning of those notices and this Consent Decree. The posting required by this paragraph shall be conspicuously made on bulletin boards or locations selected so that each employee at the Valdosta, Georgia facility will observe at least one such

posting when at the facility. Defendants shall certify the completion of the posting and instruction to the Commission within thirty (30) days from the entry of this Consent Decree. All written certification required by this Section shall be addressed to S. Robert Royal ("Regional Attorney") in the Atlanta District Office, 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

## IV. MANAGER TRAINING

Defendants shall, at least one time per year for the term of this Agreement, in an appropriate location, hold a training session for all of its managers and other supervisory personnel, including all of the corporate officers employed at the Defendants' Georgia facilities. Said training session shall address the Defendants' and its employees' equal employment opportunity obligations pursuant to Title VII, including Defendant's anti-sexual harassment obligations. Defendants shall notify the EEOC at least five (5) days in advance regarding the date(s) and time(s) the training contemplated by this Section IV will be accomplished. Defendants shall

provide written certification to the EEOC of training completed pursuant to this Section IV within thirty (30) days following completion of training. The certification shall include the names and qualifications of the person(s) providing instruction, names and job titles of attendees, length of training, training topics, and any other pertinent information about the training. If written training materials are utilized, the Commission shall be supplied with a copy prior to the training. All written certification required by this Section shall be addressed to the Regional Attorney in the Atlanta District Office whose address is 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

## V. INSTRUCTION TO MANAGEMENT

Within thirty (30) days from the entry of this Decree, Defendants shall certify, in writing, to the EEOC that all management and supervisory personnel who are currently employed at its facility or facilities have been instructed as to the terms of this Consent Decree (other than the monetary amount of the settlement), and the full meaning of the provisions of the

Notice to be posted, and that Defendants have reaffirmed with these employees that employment decisions are not to be made on any basis that is prohibited by Title VII. All written certification required by this Section shall be addressed to the Regional Attorney in the EEOC's Atlanta District Office at the above-referenced address.

## VI. REPORTING REQUIREMENT

For the duration of the term of this Decree, Defendants agree that any complaint arising at its Georgia location(s), and brought to the attention of management by any employee(s) against any other employee(s) or manager(s) alleging sexual harassment issues which were raised by the Complaint in this civil action and resolved by this Consent Decree shall be reported to the Regional Attorney. Every six months for the duration of this Consent Decree, Defendants shall certify in affidavit form, a summary report to the Regional Attorney specifying whether an employee has complained about sexual harassment. If an employee has so complained, then the summary report shall state in written affidavit form the following:

(a) The date of the complaint or report,

(b) The name of the person making the complaint or report,

(c) The name and title of the person against whom the complaint or report was made,

(d) The nature of the complaint or report,

(e) The name and title of the Defendant official who learned of the complaint or report,

(f) What, if any, action was taken by Defendant in response to the complaint or report (e.g. employee discipline), and

(g) A detailed narrative of how the complaint or report was resolved by Defendant. The report should be addressed to the Regional Attorney in the EEOC's Atlanta District Office at the above-referenced address.

## VII. CHARGING PARTIES' INDIVIDUAL RELIEF: MONETARY RELIEF

Defendants, in settlement of all alleged claims of financial loss due to alleged discriminatory employment practices, shall provide the Plaintiff-

Intervenors, the amount of Two Hundred Thousand Dollars ($200,000.00), in a check payable to them, within two weeks of the signing of this Consent Decree. The parties recognize that such payment is to be without admission of liability on the part of Defendants.

## VIII. REFERENCES

Defendants agree that, if they receive inquiries from persons or prospective employers seeking a reference or other employment related information regarding any of the Plaintiff-Intervenors, it shall provide no less than a neutral reference, citing the dates of employment and the position(s) held. Defendants will make no mention to persons or prospective employers seeking a reference of the fact that any of the Plaintiff-Intervenors filed charges of discrimination or that the instant lawsuit was filed.

## IX. DISCIPLINARY POLICY ON SEXUAL HARASSMENT AND RETALIATION

Defendants assert that they have sexual harassment policies that

prohibit sexual harassment and provide for disciplinary action against violators. Defendants agree to reemphasize their sexual harassment policies to all employees, particularly those who perform in a supervisory or lead capacity, and to require all management and lead employees to sign a stipulation that the sexual harassment policies have been read and understood, within sixty (60) days of the effective date of this Decree.

Defendants agree to disseminate documents that clarify how complaints regarding sexual harassment should be made. Employees shall be advised that such complaints will be promptly investigated and effectively resolved. Defendants agree to establish and implement a disciplinary policy with penalties up to and including discharge for employees who are found to have engaged in sexual harassment in violation of Defendants' policies. Defendants further agree that employees who commit acts of sexual harassment shall be admonished in writing and disciplined in accordance with the policy.

The above referenced policy provisions, to the extent that they are

not already incorporated in the Defendants' policies, shall be instituted within thirty (30) days of the entry of this Consent Decree. On or before that date, Defendants shall certify to the Regional Attorney in the EEOC Atlanta District Office whose address is 100 Alabama Street, Suite 4R30, Atlanta, Georgia 30303.

## X. PROCEDURE FOR ENFORCING COMPLIANCE

The Commission will attempt to resolve any dispute regarding the enforcement of this Consent Decree by informal mediation and consultation before seeking enforcement through the judicial process. The Commission will notify Defendants, through Counsel, in writing by certified mail if it has any reason to believe that any actions or omissions by Defendants are in violation of the Consent Decree. Defendants shall have thirty (30) days after the receipt of such notification to cure any such alleged deficiency, and to notify the Commission, by written report addressed to the Regional Attorney for the EEOC's Atlanta District Office, of the measures taken to cure the alleged deficiencies. If upon receipt of Defendants' reports the

Commission concludes that the deficiency has not been satisfactorily cured by Defendants, the Commission shall seek to resolve the alleged deficiency through good faith conciliation or mediation. If the alleged deficiency is not resolved within thirty (30) days after the initiation of such good faith conciliation or mediation process, then the Commission may seek enforcement of this Consent Decree through the judicial process. Notwithstanding any of the foregoing, nothing in this agreement shall be deemed to prohibit any matter which occurred during the term of this Decree and which constitutes a dispute as contemplated by Section X from being fully and completely processed in the manner described in Section X, even though the dispute is not resolved within thirty (30) days of the termination of this Decree.

## XI. COMPLIANCE OFFICIAL

Defendants shall designate compliance officials who shall be responsible for compliance with this Consent Decree, and also responsible for coordinating and overseeing Defendants' compliance with this Consent

Decree.

## XII. TERMS OF DECREE - PERIOD OF JURISDICTION

This Consent Decree shall continue to be effective and binding upon the parties to this action for a period of twenty-four (24) calendar months immediately following the entry of the Decree, provided that all remedial benefits required hereby have been received or offered prior to its expiration and provided further, that all required reports and certifications are submitted at least thirty (30) days before the expiration date of the Consent Decree. If required reports are not submitted within thirty (30) days of the expiration date or if the remedial benefits are not received or offered, the Consent Decree will be automatically extended until these provisions are completed.

This Court shall retain jurisdiction over this action for the purposes of clarifying and enforcing this Consent Decree and for any other appropriate or equitable purposes for thirty-six (36) calendar months from the date of entry of this Consent Decree, unless the Court acts or the

Commission has, prior to the expiration of said thirty-six (36) month period, moved to enforce compliance with the Consent Decree. If this Court acts or the Commission has moved to enforce compliance with this Consent Decree within this period, this Court shall retain jurisdiction of this action until all issues relating to all such motions which are made during the thirty-six (36) month period have been resolved. Thereafter, this Court shall dissolve this Consent Decree and shall dismiss this cause with prejudice.

## XIII. OTHER ACTIONS

The Commission shall not commence or prosecute against Defendants any action or other proceeding based upon any claims, demands, causes of action, obligations, damages or liabilities which arise out of EEOC Charge Numbers **110A14628, 110A14629, 110A14630,** and **110A14644**, or this lawsuit. This Consent Decree in no way affects the EEOC's right to process any pending or future charges that may be filed against Defendants in accordance with standard EEOC procedures, and to

commence civil actions pursuant to Section 706 (f) of Title VII on any such charge. Nothing in this Consent Decree shall be construed to limit or reduce Defendants' obligation to fully comply with Title VII of the Civil Rights Act of 1964, as amended; the Equal Pay Act of 1963, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Americans with Disabilities Act of 1990; or the regulations promulgated pursuant thereto. Nothing herein shall preclude the EEOC from bringing an action to enforce the provisions of this Consent Decree.

## XIV. COSTS AND ATTORNEY FEES

The Commission and Defendants shall each bear their own respective costs and attorneys fees for this action.

The parties hereto and undersigned attorneys of record for the Commission, Charging Parties, and Defendants in the above-styled action hereby consent to the entry of the foregoing Consent Decree.

**BY CONSENT:**

Attorneys for Plaintiff
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

S. ROBERT ROYAL
Georgia Bar No. 617505
Regional Attorney
MARCUS G. KEEGAN
Georgia Bar No. 410424
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ATLANTA DISTRICT OFFICE - LEGAL UNIT
100 Alabama Street, SW
Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818

Attorney for Defendants
CABLE COMMUNICATIONS, INC. and CABLE COMMUNICATIONS AND ENGINEERING, INC.

Mary M. Katz, Esq.
Georgia Bar No. 408987
Chambless, Higdon, Richardson & Katz, LLP
577 Walnut Street, Suite 200
Post Office Box 246
Macon, Georgia 31202-0246
(478) 745-1181

APPROVED, DONE, and SIGNED this 12th day of August, 2004.

C. Ashley Royal
District Judge
U.S. District Court of Georgia
Middle District of Georgia, Macon Division

ENTERED ON DOCKET
8-12, 2004
Gregory J. Leonard, Clerk
Deputy Clerk

*Law Offices*

**CHAMBLESS, HIGDON, RICHARDSON, KATZ & GRIGGS, LLP**

Joseph H Chambless
David B. Higdon
Thomas F. Richardson
Mary Mendel Katz
Emmitte H. Griggs
Jon C Wolfe
Brown W. Dennis, Jr
Dennis L Duncan
David N. Nelson
John J. Makowski
Norman C Pearson III
Larry W. Fouché
Frances L. Clay
James M. Freeman

The Ambrose Baber Building
577 Walnut Street, Suite 200
Post Office Box 246
Macon, Georgia 31202-0246

Telephone No. (478) 745-1181
Telecopier No. (478) 746-9479

Of Counsel
Joseph H Davis
James F. Carson, Jr

mkatz@chrkglaw.com

# NOTICE

1. This notice to all employees of Cable Communications, Inc. and Cable Communications and Engineering, Inc. (hereinafter the "Defendants") is being posted as part of the remedy agreed to between the Defendants and the Equal Employment Opportunity Commission in a consent decree filed in the United States Federal District Court, Macon, Georgia (Case No. 5:03-CV-0100-2).

2. Federal Law requires, in general, that there be no discrimination against any employee or applicant for employment because of the person's race, color, religion, sex, pregnant condition, national origin, disability or age with respect to hiring, firing, compensation or other terms, conditions or privileges of employment.

3. The Defendants support and will comply with such Federal Law in all respects and will not take any action against employees because of their sex, pregnant condition, race, color, religion, national origin, disability or age or because they

have exercised their rights under the law.

4. The Defendants have taken and will continue such remedial action as is required by the consent order entered by the United States District Court, including the payment of monetary damages to an employee and the posting of this notice.

5. This notice will remain posted for twenty four (24) months, until ___________, 2006.

Signed this ______ day of July, 2004.

______________________________________
Cable Communications, Inc. &
Cable Communications & Engineering, Inc.

**DO NOT REMOVE THIS NOTICE UNTIL**
**July _______, 2006**